HON. HENRY D. BLUMBERG Town Attorney, Danube
This is in response to your letter received December 6, 1976, wherein you ask for an opinion of the Attorney General as to whether or not a firm that is wholly owned by a County Legislator of the County of Herkimer who represents, among other areas, the Town of Danube, may sell materials and supplies in amounts less than those requiring public bidding to the Town of Danbue without creating a prohibited conflict of interest. As you have pointed out, the members of the County Legislature in the County of Herkimer are not Town Supervisors and, therefore, do not sit on town boards.
General Municipal Law, Article 18, provides for conflicts of interest of municipal officers and employees. Section 801, of said Article, provides, in part:
 "Except as provided in section eight hundred two of this chapter, (1) no municipal officer or employee shall have an interest in any contract with the municipality of which he is an officer or employee, when such officer or employee, individually or as a member of a board, has the power or duty to (a) negotiate, prepare, authorize or approve the contract or authorize or approve payment thereunder (b) audit bills or claims under the contract, or (c) appoint an officer or employee who has any of the powers or duties set forth above * * *." (Emphasis supplied.)
Since the County Legislator is a member of the Herkimer County Legislature and is not an officer of the Town of Danube nor has the powers or duties contained in General Municipal Law, § 801,supra, as they would relate to said Town, we conclude that a firm that is wholly owned by a County Legislator of the County of Herkimer who represents the Town of Danube, as well as other areas in the County of Herkimer, may sell materials and supplies in amounts less than those requiring public bidding to the Town of Danube without creating a prohibited conflict of interest.
As you know, General Municipal Law, § 806(1), mandates that every town adopt a code of ethics. We suggest that you refer your question to the appropriate board of ethics, if established under provisions of General Municipal Law, § 808(1), for possible applicability of the Town of Danube's Code of Ethics in this instance.